UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOSEPH TOLBERT, III,

　　　　　　Defendant.

Criminal No. 11-129-CKK-9

**DETENTION MEMORANDUM**

Defendant, Joseph Tolbert, III, has been charged in one (1) count of a fourteen (14) count indictment with conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The government requested a detention hearing, which was held on June 27, 2011. At the conclusion of the hearing, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer. According to the government, in January 2011, a wiretap was placed on an alleged narcotics supplier's ("Supplier") mobile phone. Between February and April 2011, the wiretap recorded several drug-

-1-

related phone calls between Supplier and Defendant, and additional surveillance captured images of Supplier with Defendant. For example, on March 21, 2011 at 1:15 pm Defendant spoke with Supplier on the phone using coded phrases which indicated that Defendant had purchased narcotics from Supplier in the past. Later that same day, surveillance footage showed Defendant rendezvous with Supplier twice to exchange money and drugs.

On June 21, 2011, law enforcement officers executed a search warrant at Defendant's residence. They found a digital scale, a plate with residue that field tested positive for cocaine base, multiple plastic bags, five (5) grams of compressed cocaine, and a razor blade in the toilet. In Defendant's car, officers found between ten (10) and fifteen (15) grams of cocaine and a glass vial of yellow colored liquid which appeared to be phencyclidine, otherwise known as PCP. Defendant has no prior convictions.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.,* provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987). When, as here, a grand jury has found that there is probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten (10) years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community and no pretrial release condition or combination of conditions may be imposed to assure his future presence in

court or to reasonably assure the safety of the community.  *See* 18 U.S.C. §§ 3142(e)(3)(A); *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)). The conspiracy charge under § 846 carries the same penalty as the offense itself. 21 U.S.C. § 841(b)(1)(A)(ii) provides a maximum sentence of life for violation of 21 U.S.C. § 841(a)(1) involving five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine.  Therefore, the rebuttable presumption is triggered.

Here, the government seeks pretrial detention on the grounds that Defendant poses a danger to the community. In determining whether there are conditions of release that will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  Defendant is charged with conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine.  This is a serious charge that carries a maximum sentence of life and triggers the rebuttable presumption of dangerousness.

The second factor, the weight of the evidence, also favors detention.  The government has recovered physical evidence including narcotics and drug paraphernalia. In addition, the government has both audio recordings and surveillance showing that Defendant had contacts with a known drug supplier. A grand jury was presented with this evidence and found probable

-4-

cause to believe that Defendant did in fact commit this crime.

The third factor, the history and characteristics of the defendant, weighs neither in favor of nor against detention because Defendant does not have a criminal history. However, Defendant has contacts with an alleged narcotics supplier.

The fourth factor, the nature and seriousness of the danger to the community should Defendant be released, also favors detention. The scale of the alleged conspiracy indicates that Defendant is part of an operation that poses a serious danger to the community. Defendant's evident willingness to engage in the illicit drug trade strongly weighs in favor of detention.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by clear and convincing evidence that Defendant has failed to overcome the presumption that no condition or combination of conditions could be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: June  29, 2011

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE